IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JOHN M. SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-cv-3007 |
| | ) | |
| SPRINGFIELD POLICE | ) | |
| DEPARTMENT, TYLER LYNN, | ) | |
| DAVID DYER, and ZACHARY | ) | |
| ROAN, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER AND OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Plaintiff John Sanders has filed a lawsuit against the Springfield Police Department and three of its officers, alleging that the defendants violated Sanders's constitutional rights during Sanders's drunk driving arrest in February 2014. The defendants have filed a motion to dismiss (d/e 7).

**I.    The Court substitutes the City of Springfield as a defendant in place of the Springfield Police Department.**

Although Sanders's complaint names as defendants three Springfield police officers and the Springfield Police Department, the motion to dismiss has been filed by the three officers and, instead of

the Springfield Police Department, the City of Springfield itself. The City explains that the Springfield Police Department is not a legal entity that exists separately from the City, and so the City files the motion on the Department's behalf.

In responding to the motion to dismiss, Sanders does not challenge the City's designation of itself as the proper defendant. And the Court agrees that the City, not the Department, is the properly named defendant in this context. See Meek v. Springfield Police Dep't, 990 F.Supp. 598, 601 (C.D. Ill. 1998) (dismissing Springfield Police Department as defendant after plaintiff conceded Department was not an "entity" that could be sued and was "merely an organizational division of the City"). The Court will direct the Clerk of the Court to substitute the City as a defendant in place of the Department and update the case caption accordingly. In this opinion, the Court will refer to the three officers and the City, collectively, as the defendants.

## II. The Court dismisses Sanders's complaint because his claims are barred or because Sanders has failed to state facts showing that he is entitled to relief.

A civil complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.

P. 8(a)(2). To survive a motion to dismiss, the complaint must include facts that, accepted as true, are sufficient "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible when the pleaded facts "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A pleading that offers merely "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not withstand a motion to dismiss, and neither will a complaint that tenders "naked assertions devoid of further factual enhancement." Id. at 678 (internal quotation and alteration omitted). The allegations in the complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., 536 F.3d 663, 668 (7th Cir. 2008) (quotation omitted, emphasis in original).

  In ruling on a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts as true all well-pleaded alleged facts, and draws all possible inferences in

the plaintiff's favor. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008). Further, the Court has a "duty to construe [a] pro se complaint liberally." McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation omitted). Yet, a pro se plaintiff must still follow the Federal Rules of Civil Procedure. Pearle Vision, Inc. v. Romm, 541 F.3d 751, 758 (7th Cir. 2008). Further, the Court need not ignore factual allegations that undermine the plaintiff's claim. Hamilton v. O'Leary, 976 F.2d 341, 343 (7th Cir. 1992).

Here, Sanders was arrested by Springfield Police Department officers on February 11, 2014. He pleaded guilty to driving under the influence and illegal lane usage. Sanders now claims that his constitutional rights were violated in connection with his arrest.

Interpreting the complaint liberally—as required, because Sanders is acting pro se—the Court construes the complaint to raise four separate claims. Specifically, the complaint alleges that three Springfield Police Department officers entered Sanders's home without a warrant and:

(1) "arrested or seized [Sanders] without probable cause to believe that [Sanders] had committed, was committing or was about to commit a crime" (d/e 1 at 5);

(2) "searched [Sanders] or his property without a warrant and without reasonable cause" (id.);

(3) "conspired together to violate one or more of [Sanders]'s civil rights" (id.); and

(4) "seized [Sanders's] personal vehicle from [his] property," without a warrant (id.).

Sanders asks for $10,000 in damages.

Although some of Sanders's claims raise related issues, the Court assesses the four claims separately.

### A. Sanders's false arrest claim is barred by his guilty plea.

Sanders alleges that he was unconstitutionally arrested or seized without probable cause to believe that he had committed a crime (d/e 1 at 5). The defendants argue that the Court should dismiss this claim because Sanders admits in his complaint that he pleaded guilty to driving under the influence. Therefore, the defendants argue, Sanders's claim is barred because it necessarily

implies that his criminal conviction is invalid.  See Tolliver v. City of Chicago, No. 15-1924, 2016 U.S. App. LEXIS 6632, *14 (7th Cir. Apr. 12, 2016) ("if the plaintiff's factual claims in the civil suit necessarily imply the invalidity of the criminal conviction, then Heck bars the civil suit") (citing Heck v. Humphrey, 512 U.S. 477 (1994)).

The Court agrees that a finding that the police lacked probable cause to arrest Sanders would necessarily imply that Sanders's criminal conviction was invalid.  See, e.g., Stoner v. Village of Downers Grove, No. 13-1406, 2014 U.S. Dist. LEXIS 102929, *9-10 (N.D. Ill. July 29, 2014) (granting motion to dismiss false arrest claim) ("A finding that Stoner was falsely arrested would necessarily imply that his conviction … was invalid. … Stoner's conviction … precludes his § 1983 false arrest claim under Heck."); Vandenburgh v. Ogden, No 15-6191, 2016 U.S. Dist. LEXIS 12493, *19 (N.D. Ill. Feb. 3, 2016) (granting motion to dismiss false arrest claim) ("a challenge to probable cause would necessarily imply the validity of [the] conviction").  Therefore, Sanders's false arrest claim must be dismissed.

### B. Sanders's illegal search claim is dismissed because Sanders has failed to state facts showing that he is entitled to relief.

Sanders alleges that the police unconstitutionally searched him "or" his property in connection with the arrest (d/e 1 at 5). However, Sanders provides no details regarding the alleged search. His illegal search claim, therefore, must be dismissed. Fed. R. Civ. P. 8(a)(2) (requiring complaint to contain "short and plain statement of the claim showing that the pleader is entitled to relief"); 28 U.S.C. § 1915(e)(2) ("the court shall dismiss [a pro se] case at any time if the court determines that … the action … fails to state a claim on which relief may be granted").

### C. Sanders's conspiracy claim is dismissed because Sanders has failed to state facts showing that he is entitled to relief.

Sanders alleges that the officers "conspired together to violate one or more" of Sanders's civil rights (d/e 1 at 5). However, as with his illegal search claim, Sanders has pleaded no facts in support of his allegation that the officers conspired to violate his civil rights. His conspiracy claim, therefore, must also be dismissed. Fed. R. Civ. P. 8(a)(2); 28 U.S.C. § 1915(e)(2).

### D. Sanders's illegal seizure claim is dismissed because it is barred by his guilty plea.

Sanders alleges that the officers unconstitutionally seized his vehicle without a warrant. But the illegal seizure claim is barred because, by pleading guilty to driving under the influence, Sanders implicitly acknowledged the validity of the seizure of his vehicle. E.g., Conlan v. King, No. 13-169, 2015 U.S. Dist. LEXIS 72896, *13-14 (W.D. Tex. June 5, 2015) (dismissing illegal seizure claim under Heck where police seized plaintiff's car without warrant, as plaintiff's claim "would necessarily call into question the validity of his conviction" because police "may seize a car from a public place without a warrant when they have probable cause to believe that the car itself is an instrument or evidence of crime") (internal quotation omitted). Finding that the seizure of Sanders's vehicle was illegal—as Sanders asks the Court to do—would necessarily imply that Sanders's conviction for driving under the influence was invalid. Therefore, the illegal seizure claim must be dismissed under Heck.

The defendants also argue that the Court should dismiss Sanders's unconstitutional seizure claim because Sanders does not

Page **8** of **11**

allege that he exhausted—let alone pursued—any administrative remedies available to him. The Court declines to address the defendants' administrative remedies argument because the defendants have cited no authority in support of the argument and because the Court finds regardless that the illegal seizure claim must be dismissed under Heck.

> **E.  The City is dismissed as a defendant because Sanders has not alleged that any violations arose from the City's official custom or practice.**

The defendants also argue that the Court should dismiss the City as a defendant because the complaint makes no allegations from which a fact-finder could conclude that the alleged violations arose from the City's official policy or practice—a finding that would be necessary for a Section 1983 plaintiff like Sanders to prevail against a municipality. See Montano v. City of Chicago, 535 F.3d 558, 570 (7th Cir. 2008) ("While a municipality is not vicariously liable under § 1983 for the acts of its employees, a constitutional deprivation may be attributable to a municipality 'when execution of a government's policy or custom … inflicts the injury.'") (quoting Monell v. Dep't of Social Servs., 475 U.S. 796, 694 (1978)).

The Court agrees that, even when interpreting Sanders's complaint in the light most favorable to Sanders, the complaint at best accuses three officers of violating Sanders's constitutional rights and does not allege anything resembling a policy or custom by the City or by the Springfield Police Department. (See Complaint, d/e 1 at 6 (referencing "the civil rights of the Constitution of the United States violated by Sp[ringfie]ld Police Officer[s] Tyler Lynn, David Dyer, and Zachary Roan").) Although it is arguably superfluous to dismiss the City as a defendant given that the Court will dismiss Sanders's claims entirely, for the sake of comprehensiveness the Court nonetheless grants the defendants' motion to dismiss the City as a defendant.

### F.  The defendants' requests for costs is denied.

The defendants also ask the Court to "grant … their costs" (d/e 8 at 3), presumably under Rule 54. Because the Court dismisses Sanders's complaint without prejudice, the Court declines to grant costs at this time.

### III.  Conclusion

For the reasons above, the defendants' motion to dismiss (d/e 7) is GRANTED, and Sanders's complaint (d/e 1) is DISMISSED

without prejudice.  If Sanders seeks leave to file an amended complaint under Federal Rule of Civil Procedure 15(a)(2), he shall include sufficient facts in his proposed amended complaint to show that he is entitled to relief.

For record-keeping purposes, the City of Springfield is substituted as a defendant in place of the Springfield Police Department, and the Clerk of the Court is DIRECTED to update the case caption accordingly.

ENTERED:  June 15, 2016

FOR THE COURT:            s/ Sue E. Myerscough
                          SUE E. MYERSCOUGH
                          UNITED STATES DISTRICT JUDGE