# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| JOHN M. SANDERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 16-cv-3007 |
| | ) |
| SPRINGFIELD POLICE | ) |
| DEPARTMENT, TYLER LYNN, | ) |
| DAVID DYER, and | ) |
| ZACHARY ROAN, | ) |
| | ) |
| Defendants. | ) |

## ORDER AND OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

On January 18, 2016, Plaintiff John Sanders filed his Complaint against the Springfield Police Department and three of its officers, alleging Defendants violated Plaintiff's constitutional rights by entering Plaintiff's residence and seizing Plaintiff's property without a warrant and without reasonable cause on February 11, 2014. On June 15, 2016, this Court granted Defendants' Motion to Dismiss for Failure to State a Claim and dismissed Plaintiff's Complaint without prejudice (d/e [14]). The Court permitted Plaintiff to file a motion for leave to file an amended complaint

containing facts sufficient to show that he is entitled to relief. On August 18, 2016, the Court ordered that if Plaintiff wished to file an amended complaint, he must do so by September 19, 2016. The Court warned Plaintiff that if Plaintiff did not file an amended complaint containing facts sufficient to show that he is entitled to relief by that date, the Court would dismiss and close the case. On September 26, 2016, the Court granted Plaintiff's motion for an extension of time to file an amended complaint and directed Plaintiff to file his amended complaint by October 19, 2016. On October 19, 2016, Plaintiff filed a motion to request a hearing. The Court denied the motion for a hearing and extended Plaintiff's deadline to file an amended complaint to November 14, 2016. The Court again warned that failure to comply would result in dismissal. On October 31, 2016, Plaintiff filed a Motion to Finalize Relief (d/e [18]). On February 22, 2017, the Court extended Plaintiff's deadline to file an amended complaint to March 6, 2017, again with the warning of dismissal for failure to comply. On March 6, 2017, Plaintiff filed a Motion to Leave (d/e [19]).

Dismissal for failure to prosecute under Rule 41(b) is an "extraordinarily harsh sanction" but it is appropriate where the litigant has shown "a clear pattern of delay or contumacious conduct, or where other less drastic sanctions have proven unavailing." Kasalo v. Harris & Harris, Ltd., 656 F.3d 557, 561 (7th Cir. 2011). Factors bearing on the appropriateness of dismissal for lack of prosecution include the frequency of the plaintiff's noncompliance with deadlines, the court's issuance of a warning of dismissal if noncompliance continues, prejudice to the defendant, the possible merits of the suit, and the social objectives of the litigation. Id. at 561-62.

Dismissal for a single error is generally improper, but a pattern of noncompliance may justify dismissal. Compare Zhou v. Belanger, 528 F. App'x 618, 622 (7th Cir. 2013) (unpublished) (affirming dismissal where Plaintiff was hospitalized on day of trial but repeatedly missed deadlines, failed to comply with court orders despite warning of dismissal, and failed to substantiate illness before failing to appear); with Johnson v. Chi. Bd. of Educ., 718 F.3d 731, 732-33 (7th Cir. 2013) (reversing dismissal for plaintiff's one-time failure to appear at status conference, even though judge had warned

that failure to appear would result in dismissal because plaintiff immediately moved to reinstate and asserted that she had not received notice of the status conference and the district court did not explain why less drastic measures would not be helpful).

In this case, the Court has given Plaintiff three extensions of the time to file for leave to file his amended complaint, extending Plaintiff's time to file by just under six months. The Court warned Plaintiff three times that failure to file an amended complaint containing facts sufficient to show he is entitled to relief by the deadline would result in dismissal of the case. Nonetheless, Plaintiff has not filed an amended complaint containing such facts.

Even if the Court treats Plaintiff's Motion to Finalize Relief or his Motion for Leave as an amended complaint, the motions do not assert facts beyond those in the initial Complaint to show Plaintiff is entitled to relief.

Plaintiff's Motion to Finalize Relief asserts that Defendants violated his Fourth Amendment rights when they illegally seized his property without a warrant from his private residence on February 11, 2014. Plaintiff states that he told Defendants that they could not take these actions without a warrant. Plaintiff attached U.S.

Postal Service Product Tracking & Reporting statements detailing mail sent to 800 E. Monroe Street in Springfield, Illinois, which Plaintiff lists as the address for Defendants in his initial Complaint. Plaintiff also attached a letter he wrote to Mayor Langfelder, asking to be contacted "to close my complaint-claim with the City of [Springfield]." Also attached is a copy of the Court's text order extending his time to file an amended complaint to November 14, 2016. Finally, Plaintiff attached the text of the Fourth Amendment, a copy of what appears to be Plaintiff's vehicle registration card, and what appears to be an aerial photo in Sangamon County on which Plaintiff identifies his residence.

    Plaintiff's Motion to Leave also asserts that Defendants violated his Fourth Amendment rights when they illegally seized his property without a warrant from his private residence on February 11, 2014. Attached are copies of Plaintiff's Motion to Finalize Relief, the text of the Fourth Amendment, what appears to be an aerial photo in Sangamon County on which Plaintiff identifies his residence, copies of what appear to be Plaintiff's vehicle registration card and vehicle insurance card, a 2016 Property Tax Assessment for Plaintiff's landlord, and two letters to Mayor Langfelder: one copy of the letter

attached to the Motion to Finalize Relief and another letter stating that Defendants entered Plaintiff's residence without a warrant illegally seized his vehicle from his private property. Plaintiff claims the Springfield Police Department had no authority to take these actions and asks Mayor Langfelder to contact Plaintiff to settle the claims.

Plaintiff's Motion to Finalize Relief and his Motion for Leave do not contain any facts beyond those included in the initial Complaint to show that he is entitled to relief. The initial Complaint asserted that Defendants violated Plaintiff's constitutional rights by entering his residential property and illegally seizing his personal property without a warrant on February 11, 2014. Nothing else contained in the motions—the USPS tracking receipts, aerial photos, letters to the Mayor, vehicle registration and insurance cards, and property tax assessment of Plaintiff's landlord—support an assertion that Plaintiff is entitled to relief. The motions contain only facts that were set forth in the initial Complaint, which the Court dismissed for failure to state a claim on which Plaintiff is entitled to relief. Therefore, Plaintiff failed to file for leave to file an amended complaint within the time allotted by the Court. Despite the Court's three extensions of

time and three warnings about failure to file, Plaintiff did not set forth facts establishing a claim for relief.

By consistently failing to file an amended complaint with facts to show a claim for relief, Plaintiff has failed to prosecute this case.

IT IS THEREFORE ORDERED THAT:

(1) This case is DISMISSED, with prejudice, for Plaintiff's failure to file an amended complaint. Parties to bear their own costs.

(2) All pending motions are DENIED as moot.

(3) THIS CASE IS CLOSED.

ENTER: June 16, 2017

FOR THE COURT:

s/ Sue E. Myerscough
SUE E. MYERSCOUGH
U.S. DISTRICT JUDGE
